# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ERIKA COLPAERT, next friend of R.C., a minor, | \* <br> \* <br> \*    No. 17-1307V |
| Petitioner, | \*    Special Master Christian J. Moran <br> \* |
| v. | \* <br> \*    Filed: April 22, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* <br> \*    Entitlement, dismissal <br> \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Scott W. Rooney</u>, Nemes, Rooney P.C., Farmington Hills, MI, for petitioner; <u>Mallori B. Openchowski</u>, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Erika Colpaert filed a petition on behalf of her child, R.C., under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa—10 through 34, on September 22, 2017. The petition alleged that the inactivated poliovirus ("IPV") vaccination that R.C. received on August 19, 2014, caused R.C. to suffer febrile seizures. <u>See</u> Petition, filed June 22, 2017, at 1-2. On April 15, 2019, Ms. Colpaert moved for a decision dismissing her petition.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. Procedural History

Ms. Colpaert filed a petition on behalf of R.C. on September 22, 2017. Ms. Colpaert finished submitting R.C.'s medical records on April 5, 2018.

On July 16, 2018, the Secretary filed his Rule 4 report opposing a finding of entitlement. The Secretary stated that none of R.C.'s treating physicians proposed a connection between the vaccinations and R.C.'s febrile seizures and had in fact continued administering vaccinations, including another dose of the IPV vaccination. The Secretary also noted that Ms. Colpaert had not yet proposed a medical theory for how the vaccinations caused R.C.'s injuries or had not addressed R.C.'s underlying epilepsy as an alternate cause.

At the Rule 5 status conference on July 23, 2018, the parties agreed to proceed to the expert report phase. The undersigned then issued expert instructions. Ms. Colpaert's expert reports deadline was later set for December 11, 2018.

After some difficulty contacting her experts, Ms. Colpaert proposed filing her expert reports by February 1, 2019. After the deadline had passed, Ms. Colpaert advised by informal communication that she would not be filing any expert reports and anticipated dismissing the case. On April 15, 2019, Ms. Colpaert moved for a decision dismissing her petition.

This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that R.C. suffered a "Table Injury." Further, the record does not contain other persuasive evidence indicating that R.C.'s injuries are vaccine-caused or significantly aggravated by a vaccine.

Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone. Rather, the petition must be supported by either

medical records or by the opinion of a competent physician. § 300aa—13(a)(1). If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.

In the instant motion, Ms. Colpaert stated that "[a]n investigation of the facts and science supporting this case has demonstrated to petitioner that she will be unable to prove that the minor is entitled to compensation in the Vaccine Program." A review of the record supports the conclusion that Ms. Colpaert has not proposed a medical theory connecting the vaccinations to R.C.'s injuries and that R.C.'s treating physicians did not relate the vaccinations to R.C.'s injuries.

Accordingly, the undersigned finds that Ms. Colpaert have not demonstrated that the IPV vaccination "actually caused" or "significantly aggravated" R.C.'s injuries.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master