# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ERIKA COLPAERT, *Next Friend* of R.C., *a Minor*, * <br> * <br> Petitioner, * <br> * <br> v. * <br> * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br> * <br> Respondent. * | No. 17-1307V <br><br> Special Master Christian J. Moran <br><br> Filed: September 16, 2019 <br><br> Attorneys' Fees and Costs |

* * * * * * * * * * * * * * * * * * * * *

Scott W. Rooney, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner;
Mallori B. Openchowski, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 13, 2019, petitioner Erika Colpaert moved for final attorneys' fees and costs. She is awarded **$9,179.29**.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*   \*   \*

On September 22, 2017, petitioner, on behalf of her minor child R.C., filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the inactivated poliovirus ("IPV") vaccination that R.C. received on August 19, 2014, caused R.C. to suffer febrile seizures. Thereafter, petitioner moved for a decision dismissing her petition which the undersigned granted, dismissing the petition on April 22, 2019. Decision, ECF No. 45.

On June 13, 2019, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $8,886.00 and attorneys' costs of $727.83 for a total request of $9,613.83. Fees App. at 11. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs of $309.76 in pursuit of this litigation. Fees App. at 2. On June 27, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, the undersigned finds that petitioner's claim has a reasonable basis. Respondent also has not challenged the reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).

Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her counsel, Mr. Scott Rooney: $300.00 per hour for work performed in 2017 and $350.00 per hour for work performed in 2018-2019. The undersigned finds these rates to be consistent with what Mr. Rooney has previously been awarded for his work in the Vaccine Program and thus are reasonable. See Welch v. Sec'y of Health & Human Servs., No. 17-1779V, 2019 WL 3824195, at *2 (Fed. Cl. Spec. Mstr. Jul. 8, 2019).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the billing records and finds that a small reduction must be made to the overall award of fees due to unreasonably vague billing entries. The billing entries for communication make no mention of the topic of that communication, which makes it difficult for the undersigned to assess their reasonableness (e.g., multiple entries for "Preparation of letter to client" without any description as to the content of the letter). Fees App. at 8. Additionally, there

are several entries where the vagueness of the description makes it unclear whether two entries describe two different tasks or are mistakenly duplicative (e.g., two entries on 7/30/18 for "Telephone conference with client" for 0.5 hours and two entries on 8/12/18 for "Review records; draft memo" for 0.8 hours). Fees App. at 9.

Accordingly, the undersigned will reduce the awarded attorneys' fees by 5%, resulting in a reduction of $444.30. Petitioner is therefore awarded final fees of **$8,441.70**.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $727.83 in attorneys' costs, comprised of the Court's filing fee, postage, and $300.00 for review of medical records by Dr. Sheldon Margulies. Fees App. at 10-11. Petitioner has provided adequate documentation for these costs and the undersigned finds them to be reasonable. Petitioner is therefore entitled to the full amount of costs sought.

### D. Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs of $309.76 in this case for the acquisition of medical records. Fees App. at 2. Petitioner has provided adequate supporting documentation for these costs and the undersigned finds them to be reasonable.

### E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$8,869.53** (representing $8,441.70 in attorneys' fees and $427.83 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Nemes, Rooney P.C., and a total of **$309.76** as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.